UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL HERNANDEZ RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-03937-JLT-FJS (HC)<br><br>(A-Number: 248-000-622)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br>(ECF No. 1)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

Plaintiff Jose Manuel Hernandez Ramirez ("Petitioner") is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. <u>FACTUAL SUMMARY</u>

Petitioner is a native and citizen of El Salvador. (ECF No. 8 at 10.) Petitioner entered the United States without being inspected, admitted or paroled by an immigration officer. (*Id*. at 11.) On April 2, 2026, Immigration and Customs Enforcement ("ICE") assumed custody of Petitioner while he was incarcerated at Kern Valley State Prison serving a sentence for arson of a structure or forest in violation of California Penal Code section 451(c). (*Id*.)

An immigration judge ordered Petitioner removed to El Salvador on September 23, 2026. (ECF No. 12 at 6-9.) Petitioner did not appeal that decision. (*Id.* at 2.) Petitioner remains detained pending removal.

Petitioner filed the instant petition on May 22, 2026, while detained at the Mesa Verde Detention Facility. (ECF No. 1.) Respondent filed an answer to the petition on May 29, 2026. (ECF No. 8.) On November 18, 2026, Respondent filed a motion to dismiss and request to lift the court's no-transfer order entered on May 26, 2026. (ECF No. 12.) Respondent asserts that the petition should be dismissed because Petitioner's detention is authorized by 8 U.S.C. § 1231(a), as he remains within the statutory removal period following the entry of a final order of removal, and therefore is not entitled to habeas relief.

## II. JURISDICTION

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

The court must grant Respondent's motion to dismiss if the Petition fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Resolution of a Rule 12(b)(6) motion is generally limited to the four corners of the pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Yet exceptions exist. For example, a court may resolve a Rule 12(b)(6) motion by taking judicial notice of immigration records and administrative proceedings. *See Singh v. Ashcroft*, 393 F.3d 903, 905-06 (9th Cir. 2004). Here, Respondent asks the court to take notice of the immigration judge's September 23, 2026, ruling and the absence of Petitioner's further appeal of that ruling to the Board of Immigration Appeals ("Board"). The court will take judicial notice of those facts.

Petitioner's removal period began on "[t]he date the order of removal [became] administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).[1] Because Petitioner did not appeal the immigration judge's removal decision to the Board, his removal period began on September 23, 2026. (*See* ECF No. 12 at 6-9.) *Cf. Avilez v. Garland*, 69 F.4th 525, 535 (9th Cir. 2023) (holding that the government's authority to detain under 8 U.S.C. section 1226(c) applies during the administrative and judicial phases of removal proceedings). Accordingly, Petitioner is currently subject to the 90-day removal period set forth in § 1231(a)(1)(A). Moreover, Petitioner is not entitled to a bond hearing at this time. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (invoking the constitutional avoidance doctrine and holding that after six months of confinement under 8 U.S.C. § 1231, an alien who can "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" may seek release). Hence, the Petition should be dismissed.

Because the court concludes and recommends that the petition should be dismissed, the court further finds that Petitioner cannot show that he is likely to succeed on the merits of his claim and the provisional relief granted on May 26, 2026, (ECF No. 7), should be dissolved. *See U.S. Phillips Corp. v. KBC Bank N.V.,* 590 F.3d 1091, 1093 (9th Cir. 2010) (preliminary injunction automatically dissolves upon entry of final judgment).

IV. <u>RECOMMENDATION</u>

Based on the foregoing, the court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 12) be GRANTED, the petition for writ of habeas corpus (ECF No. 1) be DENIED, and the provisional relief previously granted (ECF No. 7) be DISSOLVED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within <u>fourteen (14) days</u> after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages.</u>

[1] There is no argument that either 8 U.S.C. §§ 1231(a)(1)(B)(ii) or (iii) applies here.

Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **November 18, 2026**

UNITED STATES MAGISTRATE JUDGE